NO. 07-09-00049-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



SEPTEMBER
20, 2010

 



 

LARRY MICHAEL LEAL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,034-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

After a jury trial, appellant Larry
Michael Leal was convicted of the offense of aggravated assault.[1]  Punishment was assessed by the jury at life
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. His court‑appointed appellate counsel
has filed a motion to withdraw and an Anders[2]
brief. We will grant counsel's motion to withdraw and affirm the judgment of
the trial court.

Appellant’s indictment included two
enhancement paragraphs, setting forth his two previous final felony aggravated
assault convictions. Evidence at trial showed that an off-duty Amarillo police
officer intervened when appellant stopped his vehicle in the street, and argued
with and then began to choke a woman accompanying him.  During his encounter with the officer,
appellant picked up a football-sized rock, battered the vehicle with it, then walked toward the officer with the rock lifted over his
head.  Testimony showed appellant
continued toward the officer even after he drew his service weapon and ordered
appellant to drop the rock.  In addition
to testimony from the officer, his wife and other witnesses, the jury heard
some of the events described through a recording of the 911 call the officer
made during the encounter, which occurred at night in the front yard of the
officer’s home.  Testimony also showed
appellant was intoxicated.

The jury found appellant guilty of
the indicted offense, aggravated assault, and sentenced appellant to life
imprisonment.  The trial court certified
appellant=s right to appeal and this appeal
followed.

Thereafter, appellant's appointed
appellate counsel filed a motion to withdraw and a brief in support pursuant to
Anders in which she certifies that she has diligently reviewed the
record and, in her professional opinion, under the controlling authorities and
facts of the cases, there is no reversible error or legitimate ground on which
a non-frivolous appeal can arguably be predicated.  The brief discusses in detail the procedural
history of the case and the events at trial. Counsel discusses the applicable
law and sets forth the reasons she believes there are no arguably meritorious
issues on which to appeal.  Counsel has
certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right
to review the record and file a pro se response. Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant filed a response raising seven issues.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan Antonio 1997,
no pet.).  If this Court determines the appeal arguably
has merit, we will remand it to the trial court for appointment of new
counsel.  Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

By
her Anders brief, counsel raises
grounds that could possibly support an appeal, but explains why none show
reversible error.  She concludes the
appeal is frivolous. Appellant also raises several issues.  We have reviewed each ground and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). We
have found no such arguable grounds supporting a claim of reversible error, and
agree with counsel that the appeal is frivolous.  

Accordingly, we grant counsel's
motion to withdraw[3] and affirm the judgment
of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.  











[1]  See Tex. Penal Code Ann. ' 22.02(a)(2)
(Vernon Supp. 2005).  The indictment
contained the allegation appellant used or exhibited a deadly weapon during the
offense.





[2]  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.
493 (1967); see In re Schulman, 252 S.W.3d
403 (Tex.Crim.App. 2008).





[3] Counsel shall, within five days after the opinion is handed down, send
her client a copy of the opinion and judgment, along with notification of the
defendant=s right to file a pro se
petition for discretionary review.  Tex.
R. App. P. 48.4.